It was admitted in the case that although the plaintiff had been a resident in this State from the commencement of the account, yet that it arose from disbursements and other expenses incurred by him as master of Bedient's vessel, in different parts of the world.
We cannot perceive any satisfactory reason why the plaintiff, who resides in this State, should not have a right to recover his debt out of any of his debtor's property found here which is not bound by a prior lien. If it be objected that the debtor's property, wherever situated, had been previously assigned, by a law of the State of which he was a citizen; that such assignment was for the benefit of all the creditors, and that no one of them, in the event of a deficiency, should recover his whole debt to the injury of the rest, we answer, let the assignment bind all the citizens of New York, and let it have full effect even here, when it does not conflict with the rights of our own citizens. Upon all *Page 181 
questions arising between persons resident in New York, its laws should in justice operate; but they ought not to have extra territorial force in binding the rights of residents of this State, who have no share in forming them, and are destitute of the means of ascertaining what they are. A creditor who, availing himself of the laws of his own country, attaches the property of his debtor found in this State, ought not to be turned round to seek payment under an assignment in another state. In one of the latest cases to be found in the books it is held that a discharge under a foreign bankrupt law will not bar an action for a debt arising in England, to a creditor residing there also. 1 East, 6. Though if a debt contracted in a foreign country had also been discharged by the laws of that country, this would have been a discharge everywhere. The laws of foreign countries must be recognized as binding on personal property in a variety of instances, but the general rule must be taken with the exception of such laws interfering with the rights of our citizens here. Wherever one or the other must yield, our own law is (235) entitled to the preference. 5 East, 131.
From the numerous decisions which have taken place in England relative to the operation of their bankrupt laws in the colonies, they are not held to affect bona fide creditors there who will not avail themselves of them. The assignees of a bankrupt in England may recover debts due to him in the colonies in the same manner as if he had made an assignment of his property to them for a valuable consideration. No injustice can proceed from such a system, because the debt is the property of the bankrupt, and is assigned, with his consent, for a valuable consideration. As a subject of and resident in Great Britain, he gives his implied assent to every legislative act of the country, and, amongst others, to the bankrupt laws. The debtor not being locally resident in England, is not bound, without actual notice, to take cognizance of any legislative or judicial act. If, therefore, without knowing of the disposition of the bankrupt's property, he pays the debt in good faith either to the bankrupt himself or to any person in his behalf lawfully empowered, he shall not be accountable to the assignees. If it is recovered from him by judicial proceedings, he shall not be accountable to them. Douglass, 169; 3 Term, 125. And it does not seem to have been doubted that a foreign creditor is not bound by the bankrupt laws at all, if he recover a judgment bona fide, and has legal possession, according to the laws of another country, or any part of the bankrupt's estate.
It is also to be considered that an insolvent law of this State would not discharge a debt contracted in New York, to a creditor resident here. This has been decided in their courts there, as appears in several of the books of reports. *Page 182 
Upon the whole, we are of opinion that so much of the money in the garnishee's hands should be condemned as is sufficient to satisfy the plaintiff's judgment.
(236)